

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-14-00333-CR

Gersom **SANCHEZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 274th Judicial District Court, Guadalupe County, Texas
Trial Court No. 01-0682-CR
Honorable Gary L. Steel, Judge Presiding

PER CURIAM

Sitting:      Rebeca C. Martinez, Justice
              Patricia O. Alvarez, Justice
              Luz Elena D. Chapa, Justice

Delivered and Filed:  May 21, 2014

DISMISSED FOR WANT OF JURISDICTION

The trial court signed the judgment sought to be appealed on January 3, 2013.  In the absence of a timely motion for new trial, appellant's notice of appeal was due to be filed on February 4, 2013.  TEX. R. APP. P. 26.2(a)(1), (2).  Any motion for extension of time to file the notice of appeal was due on February 19, 2013.  TEX. R. APP. P. 26.3.  The trial court clerk has filed a notification in this court stating that appellant did not file a notice of appeal in the trial court.  On May 6, 2014, appellant filed a pro se notice of appeal in this court.  Appellant acknowledges

the notice of appeal is late, and has attached a motion for an extension and/or motion for an out-of-time appeal.

When a notice of appeal and motion for extension of time are not filed within the fifteen-day grace period allowed by Rule 26.3, the appellate court lacks jurisdiction. TEX. R. APP. P. 26.3; *see Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996) (appellate jurisdiction in a criminal case is invoked by a timely filed notice of appeal). Absent a timely filed notice of appeal, a court of appeals does not obtain jurisdiction to address the merits of the appeal in a criminal case and can take no action other than to dismiss the appeal for want of jurisdiction. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). An out-of-time appeal from a final felony conviction may, however, be sought by filing in the trial court a post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals pursuant to article 11.07 of the Texas Code of Criminal Procedure; the availability of that remedy is beyond the jurisdiction of this court. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 3 (West Supp. 2013); *see also Ex parte Garcia*, 988 S.W.2d 240, 241 (Tex. Crim. App. 1999); *Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991). Accordingly, we dismiss this appeal for want of jurisdiction.

PER CURIAM

DO NOT PUBLISH